IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,
v.                                                              Criminal Case No.: 4:24CR03
                                                                Judge Roderick C. Young
RANDLE BOHREN,
        Defendant.

**Defendant's Counsel's Response to Defendant's Motion for Substitution of Counsel**

On October 14, 2024, RANDLE BOHREN ("Defendant") wrote a handwritten letter/motion requesting new counsel that was filed with the Court on October 21st.

The undersigned supports his client's position and moves this Court to appoint new counsel.

### *Defendant has a Right to Counsel*

Mr. Bohren has a Sixth Amendment right to the assistance of counsel in all criminal prosecutions. Texas v. Cobb, 532 U.S. 162, 167-168 (2001). This right is guaranteed at all critical stages of the trial process. Unites States v. Chronic, 466 U.S. 191, 194-195 (2008). The 4th Circuit however interprets the *Chronic* case "in a more limited fashion," holding that it "prescribes a presumption of prejudice only with regard to those critical stages of litigation where denial of counsel would necessarily undermine the reliability of the entire criminal proceeding." United States v. Owen, 407 F.3d 222, 225-229 (4th Cir. 2005). The right to counsel is not without limits.[1]

The Sixth Amendment to the U.S. Constitution guarantees a defendant in a criminal prosecution the right to the assistance of counsel. The Court maintains "a significant degree of

---

[1] "In practical terms, then, defendants who lack the means to hire a private attorney must either accept the counsel appointed to represent them or represent themselves." United States v. Garey, 540 F.3d 1253, 1263-164 (11th Cir. 2008)

discretion in deciding whether subsequent events support a substitution of counsel" and should "weigh its own interest 'in the orderly administration of justice.'" In this circuit, the three factors the Court should consider are:

(1) timeliness of the motion;

(2) adequacy of the court's inquiry; and

(3) whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense.

United States v. Wenk, E.D. Va. No. 3:17-CR-85-HEH, 2018 WL 3130416, at *1 (E.D. Va. June 26, 2018), aff'd, 771 Fed. Appx. 229, 2019 WL 2465223 (4th Cir. 2019).

### *Defendant May Request Substitution Of Counsel*

When the Defendant requests a substitution of court appointed counsel, the Court must consider the timing of the request. If the request is made shortly before the trial or sentencing date, then the Court may deny the request. Compare United States v. Carrera, 259 F.3d 818, 824, 57 Fed. R. Evid. Serv. 876, 2001 WL 874128 (7th Cir. 2001) (request denied when the defendant makes the request shortly before a scheduled trial) with United States v. Nguyen, 262 F.3d 998, 1003-1004 (9th Cir. 2001) (holding that district court abused discretion in denying continuance so defendant could obtain replacement counsel where there had been a complete breakdown in attorney-client relationship.)

While the Defendant is not entitled to a 'meaningful relationship" with his attorney, the Court should grant the substitution motion when the defendant is forced to go to trial with an attorney with whom he has an irreconcilable conflict. Stenson v. Lambert, 504 F.3ed 873, 886 (9th Cir. 2007).

This Court must consider if the attorney-client conflict rises to the level of irreconcilable:

1. The extent of the conflict;
2. The adequacy of the inquiry by the trial court; and
3. The timeliness of the motion for substitution of counsel.

Id.

In considering the substitution of counsel, the Court should consider a variety of factors which include:

1. Timeliness of the motion;
2. Nature of the defendant's complaint with present counsel;
3. Whether the conflict has resulted in a breakdown of communications between client and counsel that would prevent an adequate defense.

Benitez v. United States, 521 F. 3d 625, 632-635 (6th Cir. 2008). *See also* United States v. Smith, 640 F.3d 580, 588 n.4 (4th Cir. 2011) ("To warrant substitute counsel, a defendant must show justifiable dissatisfaction with appointed counsel.... Justifiable dissatisfaction sufficient to merit substitution of counsel includes a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant ..."). United States v. Jordan, W.D. Va. No. 7:17-CR-56, 2021 WL 816948, at *1 (W.D. Va. Mar. 1, 2021)

The Fourth Circuit reiterated that the Court is not

> **concerned … with the indigent defendant's freedom of choice or with whether the attorney and his client have a meaningful relationship, but with a "breakdown" of attorney-client communication so great that the principal purpose of the appointment—the mounting of an adequate defense incident to a fair trial—has been frustrated. In short, the defendant's Sixth Amendment right to successor appointed counsel arises because the initial appointment has ceased to constitute Sixth Amendment assistance of counsel.**

United States v. Jordan, W.D. Va. No. 7:17-CR-56, 2021 WL 816948, at *1 (W.D. Va. Mar. 1, 2021)

The Court's considerations include:

(1) the timing of the substitution request and the procedural posture of the case;

(2) the court's understanding of the history of this case and the circumstances surrounding the defendant's representation by CJA counsel;

(3) the court's ability to observe the effective representation of present CJA counsel in pre-trial, trial, and post-trial proceedings; and

(4) the court's appreciation of the present disagreement.

Id. (in this matter the Court declined to appoint new counsel).

When moving for substitute counsel, a defendant must show good cause. Mullen, 32 F.3d at 895. The Fourth Circuit reviews the following three criteria on whether a district court has properly considered a motion for substitute counsel:

(1) whether the motion is timely,[2]

(2) whether the district court conducts an adequate inquiry,

(3) whether the conflict between attorney and client amounts to a total lack of communication.

United States v. Morsley, 64 F.3d 907, 918 (4th Cir. 1995).

---

[2] "When evaluating the timeliness of a motion, the Fourth Circuit has considered when the motion was made with respect to other proceedings, the proximity in time to trial, the number of times that trial has been continued, and the relative age of the case. United States v. Hackley, 662 F.3d 671, 685 (4th Cir. 2011). The Fourth Circuit has found that a motion for substitute counsel is properly denied when, among other things, it is made days before trial. United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988), abrogated on other grounds as recognized by United States v. Dunctan, 800 F.3d 642 (4th Cir. 2015). When evaluating whether a motion is timely, "the court is entitled to take into account the... public interest in proceeding on schedule;" thus, the district court may consider its own interest in moving its docket. Mullen, 32 F.3d at 895." United States v. Miles, E.D. Va. No. 2:18CR56, 2019 WL 4060334, at *4 (E.D. Va. Aug. 28, 2019)

Whether to grant such a motion is within the court's discretion. The Fourth Circuit has recognized that motions to substitute counsel cannot be used to manipulate or delay proceedings, or otherwise hamper the prosecution. Further, a district court has an interest in keeping its docket moving. United States v. Miles, E.D. Va. No. 2:18CR56, 2019 WL 4060334, at *2 (E.D. Va. Aug. 28, 2019)

Here, Mr. Bohren identifies a list of alleged inadequacies in his representation by the undersigned. See United States v. Miles, E.D. Va. No. 2:18CR56, 2019 WL 4060334, at *4 (E.D. Va. Aug. 28, 2019). He is requesting a change in counsel within a reasonable time from his sentencing date and is not using the request to manipulate or delay proceedings. He is not using the request to hamper the prosecution. As in *Miles*, there is a question here if the undersigned can ethically continue to represent Mr. Bohren due to the breakdown in the attorney-client relationship. Id.

"An inquiry into the reasons for a defendant's dissatisfaction with his or her lawyer is necessary for the trial court to determine whether good cause for substitution of counsel exists.". United States v. Miles, E.D. Va. No. 2:18CR56, 2019 WL 4060334, at *5 (E.D. Va. Aug. 28, 2019)

### *Breakdown in Communication*

This is a two-step evaluation:

1. The court needs to consider whether there is, in fact, a total lack of communication; and

2. Is the lack of communication preventing an adequate defense.

Here the Court must consider Mr. Bohren's letter/motion regarding these criteria.

### Conclusion

Therefore, Mr. Bohren and the undersigned agree that this Court should appoint new counsel prior to or at the sentencing hearing scheduled for November 6, 2024, at 10:15 a.m.

Dated: October 24, 2024

Respectfully submitted,

_____/s/ Charles R. Samuels_____
Charles R. Samuels, VSB # 65899
Charles R. Samuels, Attorney at Law, PLLC
4908 Monument Ave., Ste. 100
Richmond, Virginia 23230
Phone: 804-677-7273
Fax: 804-843-8523
E-mail:crsamuels@gmail.com
*Counsel for Mr. Bohren*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.                                                 Criminal Case No.: 3:24CR18
                                                   Judge Robert E. Payne

RANDLE BOHREN,
        Defendant.

## Certificate of Service

This is to certify that on Friday, October 25, 2024, I sent a copy of this Motion via e-mail to Eric Hurt, Esq., at Eric.Hurt@usdoj.gov and via the CM/ECF system.

                                     /s/ Charles R. Samuels
                                 Charles R. Samuels, VSB # 65899
                                 Charles R. Samuels, Attorney at Law, PLLC
                                 4908 Monument Ave., Ste. 100
                                 Richmond, Virginia 23230
                                 Phone: 804-677-7273
                                 Fax: 804-843-8523
                                 E-mail:crsamuels@gmail.com
                                 *Counsel for Mr. Bohren*